**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WOODY MICHAEL RIPPETOE,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

No. 08-7052

Eastern District of Oklahoma

(D.C. No. 08-CV-041-RAW)
(D.C. No. CR-06-039-RAW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Woody Michael Rippetoe, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Rippetoe has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

**Background**

On July 12, 2006, Woody Michael Rippetoe was charged with Conspiracy to Possess with Intent to Distribute and Distribute Methamphetamine and Marijuana (21 U.S.C. §§ 846), Possession with Intent to Distribute and Distribution of Methamphetamine (21 U.S.C. §§ 841(a)(1)), Conspiracy to Launder Money (18 U.S.C. §§ 1956(h), 1956(a)(1)(B), 1957(a) & (b)2, and 31 U.S.C. §§ 5324(a)(3) & (b)(3)), two counts of Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity (18 U.S.C. §§ 1957), Use of Communication Facility in Causing or Facilitating the Commission of Felonies Under the Controlled Substances Act (21 U.S.C. § 843(b)), Felon in Possession of Firearm (18 U.S.C. § 922(g)(1)), and Drug Forfeiture (21 U.S.C. § 853). R. Doc. 17. Mr. Rippetoe pled guilty in a written plea agreement to the money laundering conspiracy (count three), and to both counts of Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity (counts four and five). R. Doc. 2, Exh. A at 1-2 (Plea Agreement). The government agreed to dismiss the remaining counts of the indictment. *Id*. at ¶7.

The plea agreement included a clause stating that if the government believed the defendant had provided "substantial assistance" under 18 U.S.C. § 3353, it could "in its discretion request the Court to depart below the guideline range" when fixing Mr. Rippetoe's sentence or "within one year after sentencing .

. . move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure." *Id*. at ¶11.

Mr. Rippetoe in exchange waived his right to appeal his sentence. *Id*. at ¶31. The plea agreement read in relevant part that: "Defendant expressly waives the right to appeal defendant's sentence on any ground, except to challenge an upward departure from the applicable guideline range, or an adverse ruling on any contested sentencing issue. . . . [D]efendant . . . agrees not to contest such sentence in any post conviction proceeding . . . ." *Id*. In agreeing to plead guilty, Mr. Rippetoe acknowledged that he "fully" understood the plea agreement, "voluntarily agree[d] to it without reservation" and was "satisfied with the legal services provided by [his] attorney in connection with [the] agreement." *Id*. at p. 19.

On January 30, 2007, the defendant was sentenced to 240 months in prison on count three, and 120 months each for counts four and five. R. Doc. 2, Exh. B at 9-11. Twenty-two months of the term for count four were to run consecutively to the term for count three. The remaining ninety-eight months of count four and the entire 120 month sentence imposed on count five were to be served concurrently with count three. The resultant total sentence was 262 months. *Id*.

Mr. Rippetoe filed a motion with the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. R. Doc. 1. He claimed that the government had breached the plea agreement by not filing a Rule 35 motion

within a year after his sentencing. R. Doc. 2 at 1-5. He further maintained that his sentence was in excess of that warranted under the sentencing guidelines, and that he had ineffective assistance of counsel. *Id*. at 8–9. The government filed a motion to enforce the plea agreement. R. Doc. 7. On May 5, 2008, the district court granted the government's motion. The defendant appeals. The district court granted his motion to proceed *in forma pauperis*, rendering it unnecessary for us to rule on his motion for IFP status in this Court.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

The district court held that the government had not breached its plea agreement because the agreement gave the government only the option of filing a Rule 35 motion and so "the decision not to file a motion in that circumstance is not a breach of the plea agreement." R. Doc. 9 at 1. Mr. Rippetoe contends that

the government has failed to live up to its side of the agreement, and to enforce the waiver agreement would affect the "fairness, integrity, or public reputation of judicial proceedings." *See United States v. Porter*, 405 F.3d 1142, 1143 (10th Cir. 2005).

We see no reasonable basis to dispute the district court's conclusion. Under the express terms of the plea agreement, the government was given the discretion to move the court to order relief if it believed that Mr. Rippetoe had provided "substantial assistance." Plea Agreement, ¶11. The Government was not required to make a Rule 35 motion; indeed, it was not required to make such a motion even if the assistance Mr. Rippetoe gave was "substantial." With such discretion vested in the government, there was no breach when it declined to move the court for relief under Rule 35. *See United States v. Forney*, 9 F.3d 1492, 1499–1501 (11th Cir. 1993). And Mr. Rippetoe has failed to show that the government's decision not to file a Rule 35 motion was based on an unconstitutional motive.

We also reject Mr. Rippetoe's claim that his sentence exceeded the statutory maximum. *See Porter*, 405 F.3d at 1143 (waiver will not be enforced if the result is a miscarriage of justice because "the sentence exceeds the statutory maximum"). Mr. Rippetoe seems to believe that the maximum penalty he could have received was twenty years, or 240 months. But that is the maximum for only *one* of the counts to which Mr. Rippetoe pled guilty (Conspiracy to Launder

Money).  The combined maximum for all three of the counts to which he pled guilty was forty years in prison, as was acknowledged in the plea agreement.  Plea Agreement, ¶3.   Mr. Rippetoe's sentence of 262 months did not exceed the statutory maximum.

Mr. Rippetoe also contends that he received ineffective assistance of counsel, but his allegation of inefficacy relates to his beliefs that his sentence was excessive and that the government did not honor the plea agreement.  Since we see no merit in those underlying claims, counsel was not deficient in his representation of Mr. Rippetoe.  *See United States v. Snyder*, 787 F.2d 1429, 1431 (10th Cir. 1986).

## Conclusion

Accordingly, we **DENY** Mr. Rippetoe's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge